Walter B Solinger, II, Esq. Assistant Corporation Counsel, Mount Vernon
You have asked whether uniformed court attendants of the city court of the City of Mount Vernon are authorized to carry firearms when off duty.
Uniformed court officers of the unified court system have been designated as peace officers (Criminal Procedure Law, § 2.10[21][a]). The unified court system of the State includes the district, town, city and village courts outside the City of New York (NY Const, Art VI, § [1][a]). Therefore, your city court attendants are peace officers. Persons who have been designated as peace officers by section2.10 of the Criminal Procedure Law are exempt from prosecution for crimes involving criminal possession of weapons (Penal Law, § 265.20[a][1][c]). While the Legislature has limited this exemption by requiring that certain peace officers listed in section 2.10 be licensed in order to possess a firearm, there exists no such limitation for uniformed court officers of the unified court system (compare for example, § 2.10[26], [27], [28] and [29]).
The right to carry a weapon is not, however, without further limitation. The employer of a peace officer has the authority to determine whether a peace officer may carry or use a weapon during any phase of the officer's official duties which constitute on-duty employment (Criminal Procedure Law, § 2.30[1]). Peace officers authorized by their employers to carry weapons must receive as part of their mandated training the same number of hours of instruction in deadly physical force and the use of firearms as is required in the basic training program for police officers (ibid.). Additionally, annual training in the use of weapons is required (ibid.).
We have previously concluded that where an employer does not authorize possession of a weapon by a peace officer while on duty and, therefore, no training is given, off-duty use because of peace officer status would seem precluded (Op Atty Gen 82-F18, copy enclosed). We further concluded that unless prohibited by regulation of the employer, when a peace officer is authorized to carry weapons on duty, he may carry them off duty without licensure (assuming licensure is not specifically required under section 2.10 of the Criminal Procedure Law [ibid.]). We explained:
 "In our view, an employer may prohibit the use of weapons carried off duty, regulate the type of weapons carried off duty, and adopt additional rules governing off-duty weapons possession provided that the rules are not inconsistent with the duties of the particular peace officers (Figaro v Ward, supra). Restrictions on the off-duty possession of firearms should be established formally, and preferably should reflect an evaluation of the powers and duties of the particular peace officers and their specific needs, if any, to possess a firearm while off duty. The courts have recognized that the Penal Law weapons exemption does not create a vested right for a peace officer to carry a weapon and that the scope of the exemption may be limited by a reasonable rule of an employer restricting off-duty possession (ibid., Salato v Tolman, supra)."
(We refer you to the complete text of this opinion for the entire analysis of the right of an employer to restrict off-duty possession of a firearm.)
We conclude that uniformed court officers of a city court are peace officers who, if authorized by their employers, may carry weapons while on duty. Such a peace officer authorized to carry weapons while on duty may carry them off duty absent employer rules or regulations prohibiting or restricting the carrying of a weapon while off duty.